# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL APOLINAR, | Case No. 1:21-cv-00217-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | |
| RAYMOND MADDEN, | (ECF No. 3) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has moved for appointment of counsel. (ECF No. 3). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because of the complexity of the issues raised in his petition. (ECF No. 3 at 3). Upon review of the petition and the instant request

for appointment of counsel, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that the request for appointment of counsel (ECF No. 3) is DENIED.

IT IS SO ORDERED.

Dated: **February 24, 2021**

UNITED STATES MAGISTRATE JUDGE