# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL APOLINAR,<br><br>        Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>        Respondent. | Case No. 1:21-cv-00217-DAD-SAB-HC<br><br>ORDER DIRECTING RESPONDENT TO LODGE RECORDING OF INTERVIEW CORRESPONDING TO INTERACTION STARTING AT ECF 14-3 AT 90 |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition, Petitioner asserts that the statements he made to law enforcement on August 3, 2011 should have been suppressed and the state courts' adjudication of his Miranda claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court and was based on an unreasonable determination of the facts in light of the evidence presented in the state court. (ECF No. 1 at 5, 19).[1]

Respondent lodged copies of the transcripts of two interviews conducted on August 3, 2011, with the Court. The Court previously found that review of the video recording of the first interview and audio recording of the second interview would assist the Court and ordered that

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Respondent lodge copies of the recordings. (ECF No. 19). In the order, the Court cited to pages 192 through 282 of the first volume of the Augmented Clerk's Transcript on Appeal (1 Aug. CT 192–282, ECF No. 14-3) as comprising the transcripts of the two interviews conducted on August 3, 2011. (ECF No. 19 at 1).

In response to the order, Respondent lodged three recordings. In pertinent part, Respondent lodged the "Video (ordered) corresponding to interaction starting at ECF 14-3 at 257." (ECF No. 20 at 1). The Court's previous order contained a clerical error regarding the portion of the Augmented Clerk's Transcript on Appeal at which the transcripts of the two interviews conducted on August 3, 2011, could be found. Specifically, it appears that pages 90 through 191 of the first volume of the Augmented Clerk's Transcript on Appeal (ECF No. 14-3 at 90–191) is the pertinent transcript that corresponds with the first interview conducted on August 3, 2011.

Accordingly, the Court HEREBY ORDERS that within fourteen (14) days of the date of service of this order, Respondent SHALL LODGE with the Court a copy of the video recording corresponding to the interaction starting at ECF No. 14-3 at 90.[2]

IT IS SO ORDERED.

Dated:   **July 12, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear whether Respondent has possession of the video recording of the interaction starting at page 90 of ECF No. 14-3 because in the notice of supplemental lodging, Respondent indicates that the three recordings lodged with the Court "appear to be the extent of the recordings in Respondent's possession." (ECF No. 20 at 1). In the event Respondent does not have possession of the pertinent video recording, Respondent may request an extension of time so that Respondent can obtain the recording. See Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts ("the judge may direct the parties to expand the record by submitting additional materials relating to the petition").

2