# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL APOLINAR,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>Respondent. | Case No. 1:21-cv-00217-ADA-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 26)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE PETITIONER'S ADDRESS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has moved for appointment of counsel. (ECF No. 26.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

///

Petitioner argues that counsel should be appointed because he "do[es] not understand anything that is happening," he "do[es]n't know what to do or what's going on."[1] (ECF No. 26 at 1.) The Court notes that at this stage of the proceeding, there is no pending deadline for Petitioner, the matter has been submitted to the Court, and the Court will rule on the petition in due course. Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to appoint counsel (ECF No. 26) is DENIED; and
2. The Clerk of Court is DIRECTED to update Petitioner's address as stated in the motion to appoint counsel.

IT IS SO ORDERED.

Dated:   **September 13, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Petitioner's uncertainty regarding the status of his case may be a result of him not updating his address with the Court. Mail previously has been returned to the Court as undeliverable, and the address on the motion to appoint counsel is different from the address on file with the Court.